## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **KATHLEEN SMITH,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 2:19-cv-0011 |
| | § | |
| **LIFE INSURANCE COMPANY OF NORTH AMERICA,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Kathleen Smith ("Plaintiff") files this Original Complaint against Defendant Life Insurance Company of North America ("Defendant").

## I.
## Parties

1. Plaintiff is an individual and Texas resident who was employed by HealthMarkets, Inc. ("HealthMarkets"), which provided long term disability benefits funded by a policy of insurance issued to HealthMarkets.

2. Defendant is an insurance company licensed to do business in Texas and issued a group long term disability insurance policy to HealthMarkets. Defendant can be served through its agent for service: CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201.

## II.
## Jurisdiction and Venue

3. This action against Defendant arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et. seq.*

4. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1).

5. Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2). Defendant can be found in this District and the Plan (defined below), as relates to this action, was administered, in part, in this District.

### III.
### Factual Background

6. At all pertinent times, HealthMarkets maintained an employee benefit plan (the "Plan") that provided long term disability ("LTD") benefits coverage for its employees.

7. The Plan is subject to ERISA.

8. LTD benefits payable under the Plan were funded by a group insurance policy issued by Defendant (the "Policy"). The Policy was issued in Texas and is governed by the laws of Texas. Defendant was the claims administrator for benefits under the Policy.

9. The effective date of the Policy was on or after May 1, 2011. The Policy was offered, issued, renewed or delivered after February 1, 2011. The Policy was renewed after January 1, 2012. The Policy was amended after January 1, 2012.

10. At all pertinent times, Plaintiff was an employee of HealthMarkets and was a Plan participant, within the meaning of 29 U.S.C. § 1002(7).

11. Plaintiff suffers from a medical condition that would not and will not permit Plaintiff to perform the duties of her regular occupation or of any occupation, as defined in the Policy.

12. Plaintiff applied for LTD benefits under the Policy. Defendant denied Plaintiff's claim for LTD benefits. Defendant notified Plaintiff of the adverse determination by correspondence dated March 6, 2017.

13. Plaintiff appealed Defendant's denial of Plaintiff's LTD benefits. The appeal submission letter was dated November 3, 2017.

14. In determining the appeal, Defendant upheld its decision to deny Plaintiff's LTD benefits. Defendant notified Plaintiff of this adverse determination by correspondence dated March 29, 2018.

15. Plaintiff submitted a second appeal of Defendant's denial of Plaintiff's LTD benefits. The second appeal submission letter was dated September 18, 2018.

16. In determining the second appeal, Defendant upheld its decision to deny Plaintiff's LTD benefits. This determination was made by Defendant's claim personnel located in this District. Defendant notified Plaintiff of this adverse determination by correspondence dated November 28, 2018.

17. Plaintiff exhausted all required administrative levels of appeal. Plaintiff complied with all requirements of the Plan's administrative procedure.

18. Plaintiff was and is disabled based on the definition of disability in the Policy.

19. Defendant operated under a conflict of interest because it is both the determiner of claims and the payer of claims. Defendant used record reviewers who were unqualified and/or biased and/or financially motivated to discount Defendant's restrictions and limitations.

**IV.
Request for Relief – Count One
(Claim for Benefits Under the Policy)**

20. Plaintiff is entitled to LTD benefits under the Policy because Plaintiff met the definition of disability contained in the Policy.

21. Plaintiff has complied with Plaintiff's obligations to make proof of claim in accordance with the Policy's requirements.

22. The standard of review is *de novo* because Defendant is not granted discretion and/or any purported grant of discretion is voided by Texas Law. Plaintiff has proven by a

preponderance of the evidence that Plaintiff is entitled to LTD benefits under the Policy. Defendant's decision to deny Plaintiff's LTD benefits was wrong.

23. In the alternative, Defendant's decision to deny Plaintiff's LTD benefits was arbitrary and capricious.

24. Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff seeks from Defendant LTD benefits that have not been paid to Plaintiff.

## V.
## Request for Relief – Count Two
### (In the alternative, Request for Remand)

25. In the purported denial letter, Defendant failed to identify any material or information necessary for Plaintiff to perfect Plaintiff's appeal and the reason such material or information was necessary.

26. Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff requests that the Court award Plaintiff LTD benefits which have not been paid or, in the alternative, remand this claim to Defendant so that Defendant can identify the material necessary to perfect Plaintiff's claims and the reason why such information is necessary, and can review Plaintiff's claim using qualified/unbiased record reviewers.

## VI.
## Request for Relief – Count Three
### (Attorney's Fees Pursuant to 29 U.S.C. § 1132(g)(1))

27. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff seeks an award of Plaintiff's reasonable and necessary court costs and attorney's fees in connection with the prosecution of this action.

## **PRAYER**

FOR THESE REASONS, Plaintiff requests that the Court order:

28. Defendant to pay Plaintiff the full LTD benefits incurred and unpaid at the time of judgment;

29. Defendant to reinstate Plaintiff on the Policy for future payments in accordance with the terms and conditions of the Policy;

30. In the alternative, Plaintiff's claim be remanded to Defendant to comply with ERISA and/or the Policy as discussed herein;

31. Defendant to pay Plaintiff's reasonable attorney's fees incurred in pursuing recovery of benefits owed to Plaintiff;

32. Defendant to pay Plaintiff pre-judgment and post-judgment interest; and

33. That Plaintiff recover the cost of this action and such other and further relief as the Court may deem proper under the circumstances.

Dated: January 11, 2019.

Respectfully submitted,

/s/ *John L. Thompson*
John L. Thompson, Attorney in Charge
State Bar No. 90001820
jlt@erisaltd.com

Bernard A. Guerrini
State Bar No. 08581700
guerrinipc@erisaltd.com

GUERRINI & THOMPSON, P.C.
6500 Greenville Avenue, Suite 320
Dallas, Texas 75206
Tel: (214) 692-6556
Fax: (214) 692-6578

**ATTORNEYS FOR PLAINTIFF**